<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
DAMIN SAULSBERRY,                 :
a/k/a Damon Saulsberry,          :
a/k/a Damon Saulberry,¹          :
                                 :    Civil Action No. 10-0696 (RMB)
              Petitioner,        :
                                 :
         v.                      :    OPINION
                                 :
DIRECTOR SEAN THOMAS,            :
et al,                           :
                                 :
              Respondents.       :
```

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Damin Saulsberry
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**BUMB**, District Judge

    Petitioner Damin Saulsberry, a pre-trial detainee currently

confined at the Atlantic County Justice Facility in Mays Landing,

New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254[2] and an application to proceed in

---

    [1] Petitioner has submitted various filings to this Court
using different spellings of his name.

    [2] The Petition asserts jurisdiction under 28 U.S.C. § 2254.
For state prisoners, § 2254 is a post-conviction remedy.
Jurisdiction to grant the writ to pre-trial detainees exists,
however, under 28 U.S.C. § 2241.  <u>See</u> <u>Moore v. DeYoung</u>, 515 F.2d
437, 441-42 (3d Cir. 1975).

forma pauperis pursuant to 28 U.S.C. § 1915(a).  The respondents are Director Sean Thomas and the Attorney General of New Jersey.

Based on his institutional account statement,[3] the Court will grant Petitioner's application to proceed in forma pauperis. Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

I.   BACKGROUND

Petitioner asserts that he was arrested on January 5, 2010, pursuant to a warrant.  He asserts further that, as of January 20, 2010, he had not been brought before a judge for a probable cause hearing.

Petitioner asks that he be released and that the (undescribed) charges be dismissed.

Plaintiff has used a form Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In response to the various questions regarding exhaustion of his claims in state court he has written "N/A."

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

---

[3] Petitioner has failed to submit an application for leave to proceed in forma pauperis, but has submitted a certified institutional account statement showing a balance of negative $1040.10.

A court, justice or judge entertaining an
application for a writ of habeas corpus shall forthwith
award the writ or issue an order directing the
respondent to show cause why the writ should not be
granted, unless it appears from the application that
the applicant or person detained is not entitled
thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2254, 2255.

III.   <u>ANALYSIS</u>

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1)  federal courts have "pre-trial" habeas corpus
     jurisdiction;

3

(2)   that jurisdiction without exhaustion should not be
        exercised at the pre-trial stage unless
        extraordinary circumstances are present ... ;

(3)   where there are no extraordinary circumstances and
        where petitioner seeks to litigate the merits of a
        constitutional defense to a state criminal charge,
        the district court should exercise its "pre-trial"
        habeas jurisdiction only if petitioner makes a
        special showing of the need for such adjudication
        and has exhausted state remedies.

<u>Moore v. DeYoung</u>, 515 F.2d 437, 443 (3d Cir. 1975).

Contrary to Petitioner's contention, exhaustion is required
of a state pre-trial detainee seeking a federal writ of habeas
corpus.   In the absence of exhaustion, this Court should exercise
pre-trial habeas jurisdiction only if "extraordinary
circumstances are present."   Petitioner has not alleged
exhaustion of his state remedies, nor has he alleged any
extraordinary circumstances.   Moreover, this Petition is dated
January 20, 2010, a mere 15 days after Petitioner's arrest on
January 5, 2010.   Petitioner could not have exhausted his state
remedies in that period of time.   Accordingly, there is no basis
for this Court to intervene in this pending state criminal
proceeding.

This Court expresses no opinion as to the merits of
Petitioner's claim.

IV.   <u>CERTIFICATE OF APPEALABILITY</u>[4]

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

_____

[4] Because jurisdiction was asserted under 28 U.S.C. § 2254, this Court will address whether a certificate of appealability should issue.

Jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  Accordingly, no certificate of appealability shall issue.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge

Dated: <u>March 8, 2010</u>